IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ISMAEL HIGAREDA and VICTORIA PRECIADO, | | |
| Plaintiffs, | No. CIV S-11-1473 KJM DAD PS | |
| vs. | | |
| OPTION ONE MORTGAGE CORPORATION, et al., | <u>ORDER AND</u> | |
| Defendants. | <u>FINDINGS AND RECOMMENDATIONS</u> | |
| _____/ | | |

This case was referred to the undersigned pursuant to Local Rule 302(c)(21) and is now before the undersigned for findings and recommendations on two motions to dismiss.

PROCEDURAL HISTORY

By Notice of Removal filed May 31, 2011, defendants Power Default Services, Inc.; American Home Mortgage Servicing, Inc.; and U.S. Bank National Association removed this mortgage foreclosure case from Sacramento County Superior Court. The removing defendants allege that the pro se plaintiffs' action could have been originally filed in federal court "because each and every claim alleged within the Complaint is based upon alleged violations of the Truth in Lending Act ('TILA'), 15 U.S.C. § 1601, *et seq.* and thus jurisdiction exists as conferred by 28 U.S.C. § 1331." (Def'ts' Notice of Removal (Doc. No. 1) at 2.)

On June 3, 2011, the removing defendants Power Default Services, Inc., American Home Mortgage Servicing, Inc., and U.S. Bank National Association filed a motion to dismiss plaintiffs' complaint with prejudice pursuant to Federal Rules of Civil Procedure 9 and 12(b)(6).  In accordance with the minute order issued June 10, 2011, by the courtroom deputy for the assigned district judge, the removing defendants filed an amended motion on June 13, 2011, properly noticing that motion for hearing before the undersigned on August 12, 2011.

On August 11, 2011, defendants Option One Mortgage Corporation and Premier Trust Deed Services, Inc., appearing as Sand Canyon Corporation formerly known as Option One Mortgage and Sand Canyon Corporation formerly known as Premier Trust Deed Services, Inc., filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or for more definite statement pursuant to Federal Rules of Civil Procedure 12(e) and (f).  The Sand Canyon defendants' motion was noticed for hearing on September 16, 2011.

Plaintiffs did not file opposition to the removing defendants' motion.  Nor did plaintiffs appear at the hearing of that motion on August 12, 2011.  However, Sherrill A. Oates, Esq. appeared telephonically for the removing defendants, and Bruce T. Bauer, Esq. appeared telephonically for the Sand Canyon defendants.  The arguments of counsel were heard, and the removing defendants' motion was submitted for decision.

Plaintiffs' time for responding to the Sand Canyon defendants' motion expired on September 2, 2011, and no response to that motion to dismiss has been filed.  Accordingly, the Sand Canyon defendants' motion is now submitted upon the record and briefs on file to date. See Local Rules 230(c) ("No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party.") and 230(g) (providing that a motion may be submitted upon the record and briefs on file if the court so orders).  The hearing set for September 16, 2011 will be vacated, and the motion will not be called on that date.

/////

ANALYSIS

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Most federal-question jurisdiction cases are those in which federal law creates a cause of action. A case may also arise under federal law where 'it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.'" Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983)). The "well-pleaded complaint rule" provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000).

"'Arising under' federal jurisdiction only arises . . . when the federal law does more than just shape a court's interpretation of state law; the federal law must be *at issue*." Int'l Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009). The mere presence of a federal issue does not automatically confer federal-question jurisdiction, and passing references to federal statutes do not create a substantial federal question. Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1040-41 (9th Cir. 2003); Rains v. Criterion Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996). "When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory

1 – federal question jurisdiction does not attach because federal law is not a necessary element of
2 the claim." Rains, 80 F.3d at 346; see also Lippitt, 340 F.3d at 1043.

3       Here, three defendants removed this case from Sacramento County Superior Court
4 under 28 U.S.C. § 1441 based solely on federal question jurisdiction.  As noted above, the
5 removing defendants assert that every one of plaintiffs' claims is based on alleged violations of
6 TILA.  Examination of the pro se plaintiffs' complaint, however, reveals that the caption of the
7 typed complaint appended to a state court form includes a list of twelve state law claims, and
8 those same twelve state law claims are the twelve causes of action alleged in plaintiffs'
9 complaint. (Def'ts' Ex. A filed May 31, 2011 (Doc. No. 3-1 at 5 & 15-27.)  In a section of the
10 complaint titled "General Allegations," plaintiffs include a vague reference to the general
11 requirements of "Federal and State Law," several conclusory references to TILA and Regulation
12 Z, and a number of citations to federal statutes and regulations governing consumer credit
13 transactions. (Id. at 12-14.)  The federal statutes alluded to in plaintiffs' general allegations are
14 not discussed or even cited in the context of the plaintiffs' twelve causes of action.  Further,
15 plaintiffs assert jurisdiction solely under California law.  (Id. at 6.)

16       It is clear that none of plaintiffs' causes of action are grounded on violations of
17 federal law and that there is no substantial, disputed question of federal law to be resolved in
18 order to determine the merits of any of plaintiffs' claims.  The latter point is amply demonstrated
19 by the fact that defendants' motions to dismiss offer no analysis of the TILA violations that,
20 according to the removing defendants, form the basis for "each and every claim alleged within
21 the Complaint."  Instead, in their motions defendants simply address each of plaintiffs' claims as
22 state law claims and seek dismissal of those claims on their merits under state law.   Plainly, no
23 federal law is at issue.

## CONCLUSION

25       The statutes governing removal jurisdiction must be "strictly construed against
26 removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing

Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "'The burden of establishing federal jurisdiction falls on the party invoking removal.'"  Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)).  Where it appears that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded."  28 U.S.C. § 1447(c).

Defendants here have failed to meet their burden of establishing federal jurisdiction, and this action should therefore be summarily remanded.  See Givens v. Paramount Mortg., No. 2:10-cv-03483-GEB DAD, 2011 WL 202451, at *1-2 (E.D. Cal. Jan. 20, 2011) (remanding for lack of subject matter jurisdiction where plaintiff's state law claim for unfair competition in pro se complaint did not arise under TILA or RESPA where plaintiff merely mentioned the federal statutes); Givens v. Paramount Mortg., No. 2:09-CV-3269-JAM-KJM, 2010 WL 1854100, at *1-2 (E.D. Cal. May 6, 2010) (remanding for lack of subject matter jurisdiction where plaintiff's state law claims for fraud, injunctive relief, and reformation of contract in pro se complaint did not arise under federal statute merely mentioned by plaintiff).

Accordingly, IT IS ORDERED that the hearing of the motion to dismiss filed by defendant Sand Canyon Corporation, sued as Option One Mortgage Corporation and Premier Trust Deed Services, Inc., is vacated and the matter is dropped from the court's September 16, 2011 calendar; and

IT IS RECOMMENDED that:

1. This action be summarily remanded to the Superior Court of California, County of Sacramento for lack of federal question jurisdiction over plaintiffs' claims;

2. Defendants' motions to dismiss (Doc. Nos. 11 and 14) be denied as moot; and

3. The Clerk be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file and serve written objections with the court.  A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within seven days after the objections are served.

DATED: September 13, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\higareda-preciado1473.ord.f&r.remand